UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| ANDREW CLARK | § | |
| | § | |
| vs. | § | CIVIL ACTION NO. H-________ |
| | § | |
| COLDWATER MACHINE COMPANY, LLC | § | |
| | § | |

# NOTICE TO FEDERAL COURT OF REMOVAL

1. **STATE COURT CASE.** Coldwater Machine Company, LLC ("CMC") is the Defendant in a civil action filed in the 55th Judicial District Court for Harris County, Texas with cause #2010-29275 and styled as *Andrew Clark vs. Coldwater Machine Company*.

2. **PLEADINGS.** Plaintiff filed suit on May 10, 2010. Defendant was served on June 21, 2010. Defendant filed an answer on July 1, 2010. This notice of removal is filed within thirty days of receipt of the petition and is timely filed pursuant to 28 U.S.C. §1446(b).

3. **DIVERSITY JURISDICTION.** Removal is proper under 28 U.S.C. §1441(b) since it is a civil action brought in a state court and the federal district courts have original jurisdiction over the persons because of diversity of jurisdiction. The sole defendant in this action is a domiciliary of a jurisdiction other than the jurisdiction of the forum state. The plaintiff is domiciled in Texas. Defendant CMC is an Ohio limited liability company ("LLC") with its principal place of business in Coldwater, Ohio. The amount in dispute is

greater than $75,000, exclusive of costs and interest.

4. **NOTICE TO STATE COURT**. Contemporaneous with this filing, Defendant has given formal notice to the state court of the filing of this Notice of Removal.

5. **STATE COURT FILINGS**. Copies of the following documents are being filed with the federal court contemporaneous with the filing of this notice. The copies are listed in the sequence in which the state court filings were filed in the state court. The copies so filed include the following:

1) Plaintiff's Original Petition and Jury Demand;

2) Citation served on CMC;

3) CMC's Original Answer;

4) Notice of Removal as sent to state court.

6. **STATE COURT DISCOVERY.** The following are discovery documents exchanged between the parties that are not being filed with the court at this time:

6a) 1st Interrogatories from Clark to CMC;

6b) 1st Request for Production from Clark to CMC;

6c) 1st Request for Admissions from Clark to CMC;

6d) Request for Disclosure from Clark to CMC;

6e) Request for Disclosure from CMC to Clark;

6f) 1st Interrogatories from CMC to Clark;

6g) 1st Request for Production from CMC to Clark;

To the best knowledge of counsel for CMC, the foregoing are all of the documents generated

as part of the state court action prior to removal.

WHEREFORE, pursuant to these statutes and in conformance with the requirements set forth in 28 U.S.C. §1446, CMC removes this action to the United States District Court for the Southern District of Texas, Houston Division.

CERTIFICATE OF SERVICE

Defense counsel certifies that the foregoing was sent by fax to Vuk S. Vujasinovic of Vujasinovic & Beckcom, PLLC, to number 713.224.7801 on July 15, 2010.

MATTINGLY LAW FIRM

By: Edward A. Mattingly
TBN 13228500
8554 Katy Freeway, Suite 327
Houston, Texas 77024
713.467.4400 – Voice; 713.467.4455 – Fax
ed@mattinglylawfirm.com
ATTORNEYS FOR DEFENDANT COLDWATER MACHINE CO., LLC

2010-29275 / Court: 055

Filed 10 May 10 P1:34
Loren Jackson - District Clerk
Harris County
ED101J015777335
By: Furshilla Brantley

CAUSE NO. ____________

| | | |
|---|---|---|
| ANDREW CLARK | § | IN THE DISTRICT COURT OF |
| VS. | § | HARRIS COUNTY, TEXAS |
| COLDWATER MACHINE COMPANY, LLC | § | ______ JUDICIAL DISTRICT |

**PLAINTIFF'S ORIGINAL PETITION AND JURY DEMAND**

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW, Andrew Clark, Plaintiff herein, and files his Original Petition complaining of Coldwater Machine Company, LLC, hereinafter called Defendant, and for cause of action would show unto the Court the following:

I.

Plaintiff intends to conduct discovery under Level 3 of Texas Rules of Civil Procedure 190.1.

II.

Plaintiff is a resident of Harris County, Texas.

Defendant, Coldwater Machine Company, LLC, is an entity engaged in business in the State of Texas and may be served by serving its registered agent, Michael A. priest, 200 West Nationwide Blvd., Columbus, Ohio 43215.

III.

Venue is proper and maintainable in Harris County, Texas, since all or a substantial part of the events or omissions giving rise to the claim occurred in said county.

The Court has jurisdiction in this matter since Plaintiff's damages are within its jurisdictional limits.

IV.

On or about January 7, 2010, Andrew Clark was injured at his place of employment, GE Energy Business, when new equipment manufactured by Defendant hit Plaintiff in the face. Employees of Defendant, Coldwater Machine, were present during the installation of their equipment at the site and were negligent in advising Plaintiff on the proper use of the equipment, which was a proximate cause of the occurrence.

V.

Defendant, Coldwater Machine Company, designed, manufactured and marketed the equipment which was being installed to Plaintiff's employer. Defendant, Coldwater Machine Company, owed a duty to Plaintiff to properly design, test, manufacture, assemble, label, advertise and market the equipment made the basis of this suit. Defendant, Coldwater Machine Company, negligently designed the equipment in a manner to render it unreasonable dangerous. Despite the availability of safer alternative designs Defendant, Coldwater Machine Company, persisted in producing defectively designed equipment. Defendant's failure to implement a safer design was a proximate cause of the resulting damages of the Plaintiff.

Defendant negligently placed the equipment on the market without adequate warnings about the dangers of the product. Defendant's negligent failure to warn was a proximate cause of the accident and the resulting damages in question.

VI.

The equipment being installed at the time of the subject incident had been purchased by Plaintiff's employer, GE Energy Business, from Coldwater Machine. Plaintiff would show that Coldwater Machine regularly sells, leases, and services the equipment it manufactures. Plaintiff would show that the equipment in question was designed, manufactured, marketed and placed into the stream of commerce by Defendant, Coldwater Machine Company, in a defective condition and was substantially unchanged from the time it was placed in the stream of commerce.

constitutes negligence, which was a proximate cause of Plaintiff's injuries and damages. Plaintiff therefore brings this action under general negligence and under negligent entrustment theories.

XI.

Defendant, Coldwater Machine, was also negligent in failing to properly train, instruct and supervise its employees in the proper installation of the equipment. Defendant failed to provide the proper training and instruction to its employees which would have provided them with the proper skills and knowledge to avoid the incident which forms the basis of this lawsuit. Defendant's failure to properly instruct and train its employees in the proper installation of the equipment was a proximate cause of the accident and Plaintiff's resulting injuries and damages.

XII.

Each and all of the above acts and/or omissions were negligence and/or negligence *per se*, and each and all were a proximate cause of the collision made the basis of this suit and the injuries and damages suffered by the Plaintiff herein.

XIII.

Mr. Clark pleads the foregoing facts and theories cumulatively and alternatively, with no election or waiver of rights or remedies.

XIV.

By virtue of the actions and conduct of the Defendant set forth above, Mr. Clark was seriously injured. By reason of those injuries and the damages flowing in law therefrom, this suit is maintained. Because of the nature and severity of the injuries sustained, Mr. Clark has suffered physical pain and mental anguish and, in reasonable probability, will continue to suffer physical pain and mental anguish in the future. Mr. Clark has suffered and will continue to suffer disfigurement, physical impairment, limitation of activities and loss of enjoyment of life. Because of the action and conduct of the Defendants, Mr. Clark has sustained very painful and disabling physical injuries which have caused him to sustain lost wages in the past and will cause him to sustain lost wages and a loss of wage earning capacity in the future. Because of

the nature and severity of the injuries sustained. Mr. Clark has required medical treatment in the past and, in reasonable probability, will require other and additional treatment in the future. Charges for such medical treatment that have been made in the past and those which will in reasonable probability be made in the future have been and will be reasonable charges made necessary by the occurrence in question.

XV.

Plaintiff demands a trial by jury.

XVI.

WHEREFORE, PREMISES CONSIDERED, Plaintiff, Andrew Clark, prays that Defendant, Coldwater Machine Company, LLC, be cited to appear and answer herein and that upon the trial hereon, Mr. Clark have judgment against Defendant for his damages as aforesaid, for prejudgment interest, for interest on the judgment, for costs of court and for such other and further relief, special and general, at law or in equity, to which Mr. Clark may show himself justly entitled to receive.

Respectfully submitted,

**VUJASINOVIC & BECKCOM, PLLC**

/s/ Vuk S. Vujasinovic

**VUK S. VUJASINOVIC**
SBN: 00794800
1001 Texas Avenue, Suite 1020
Houston, Texas 77002
713.224.7800
713.224.7801 Fax
**ATTORNEYS FOR PLAINTIFF**



I, Loren Jackson, District Clerk of Harris County, Texas certify that this is a true and correct copy of the original record filed and or recorded in my office, electronically or hard copy, as it appears on this date.
Witness my official hand and seal of office this May 20, 2010

Certified Document Number: 45258700 Total Pages: 3

LOREN JACKSON, DISTRICT CLERK
HARRIS COUNTY, TEXAS

In accordance with Texas Government Code 406.013 electronically transmitted authenticated documents are valid. If there is a question regarding the validity of this document and or seal please e-mail support@hcdistrictclerk.com

[illegible]

CITATION [illegible]

[illegible] PLAINTIFF'S ORIGINAL PETITION [illegible]

[illegible] The instrument attached describes the claim against you.

YOU HAVE BEEN SUED. You may employ an attorney. [illegible]

[illegible]

Harris County, Texas

[illegible] Houston, Texas [illegible]

[illegible]

Harris County, Texas [illegible]

HARRIS COUNTY, TEXAS

RETURN

Came to hand on the ______ day of ______________________ [illegible] at [illegible] o'clock __ [illegible], and executed in ________________ County, Texas by delivering to each of the within named Defendants, in person, a true copy of this citation at the following times and places, to wit:

NAME

DATE SERVED (MONTH, DAY, YEAR)

PLACE OF SERVICE

And not executed as to the Defendant [illegible] the diligence used in finding said [illegible] being ______________________________

______________________________

FEES: $ ______

______________________________

______ of ______________ County, Texas

By ______________________________
Deputy

______________________________
Authorized Person

SWORN TO AND SUBSCRIBED BEFORE ME [illegible] ______________________________

______________________________
Notary Public

CAUSE # 2010-29275

| | | |
|---|---|---|
| ANDREW CLARK | § | IN THE DISTRICT COURT |
| | § | |
| vs. | § | 55TH JUDICIAL DISTRICT |
| | § | |
| COLDWATER MACHINE CO. | § | HARRIS COUNTY, TEXAS |

# CMC'S ORIGINAL ANSWER

NOW COMES Coldwater Machine Company, LLC ("CMC"), Defendant, filing its Original Answer and shows the following:

**1. GENERAL DENIAL.** Defendant denies generally the allegations in the pleadings and demands strict proof thereof.

1. **CONTRIBUTORY NEGLIGENCE.** The Plaintiff was contributorily negligent proximately causing this event and Plaintiff's damages. Pursuant to the Texas Negligence Statute, if Plaintiff's negligence is 51% or more of the cause of the Plaintiff's damages, then Plaintiff is barred from recovery. If Plaintiff's negligence is 50% or less of the cause of Plaintiff's damages, then Plaintiff's recovery is reduced proportionately by Plaintiff's percentage of causation.

2. **MEDICAL EXPENSES PAID/INCURRED.** In addition to any limitation under law, Plaintiff is limited to recovery of medical or health care expenses, if any, to the amount actually paid or incurred by of behalf of the Plaintiff. Tex. Civ. Prac & Rem. Code §41.0105.

3. **3RD PARTY NEGLIGENCE.** Plaintiff's claims were proximately caused by the negligent actions or omissions of others over whom this Defendant had no control and Defendant exercised no actual control.

4. **UNAVOIDABLE ACCIDENT.** Alternatively, the occurrence in question was the result of an unavoidable accident.

5. **SUDDEN EMERGENCY.** Alternatively, the incident made the basis of this lawsuit was a condition that arose suddenly, which proximately caused the incident.

6. **NEW & INTERVENING CAUSE.** Alternatively, the incident made the basis of this lawsuit was proximately caused by a new and intervening cause not under the control or supervision of this Defendant and for which this Defendant should not be held legally liable, which new and intervening cause superseded and cut off any legal liability that the Defendant may have for any action or inaction that the Defendant did or failed to do that may have contributed to the incident made the basis of this lawsuit.

7. **SOLE PROXIMATE CAUSE.** Alternatively, the doctrine of sole proximate cause is applicable to the third party negligence, contributory negligence, sudden emergency, unavoidable accident, new and intervening cause, and intentional tort defenses, so that the jury should be instructed regarding sole proximate cause.

8. **TAX DISCOUNT – EARNINGS CLAIM.** To the extent that Plaintiff is seeking to recover either lost wages or reduced wage earning capacity, then Plaintiff must prove the loss in the form of a net loss after reduction for income tax payments or unpaid tax liability pursuant to applicable federal income tax law. Texas Civil Practice & Remedies Code, Section 18.091.

WHEREFORE, Defendant prays that Plaintiff take nothing by reason of this suit, and that Defendant be discharged with Defendant's costs without day and for such other and further relief, both general and special, at law and in equity, to which Defendant may show Defendant to be justly entitled.

CERTIFICATE OF SERVICE

Defense counsel certifies that the foregoing was sent by fax to Vuk S. Vujasinovic of Vujasinovic & Beckcom, PLLC, to number 713.224.7801 on July 12, 2010.

MATTINGLY LAW FIRM

By: Edward A. Mattingly
TBN 13228500
8554 Katy Freeway, Suite 327
Houston, Texas 77024
713.467.4400 – Voice; 713.467.4455 – Fax
ed@mattinglylawfirm.com
ATTORNEYS FOR DEFENDANT COLDWATER MACHINE CO., LLC

[illegible]

[illegible] 2010 [illegible]

[illegible]

CITATION [illegible]

THE STATE OF TEXAS
County of Harris

[illegible]

Attached is a copy of PLAINTIFF'S ORIGINAL PETITION [illegible] FOR [illegible] AND INTERROGATORIES

This instrument was filed on the [illegible] day of May, 2010, in the above cited cause [illegible]. The instrument attached describes the claim against you.

YOU HAVE BEEN SUED. You may employ an attorney. If you or your attorney [illegible] with the District Clerk who issued this citation by [illegible] the expiration of 20 days after you were served this [illegible] default judgment may be taken against you.

[illegible]

[illegible] this [illegible] day of May, 2010 [illegible]

[illegible]

LOREN JACKSON, District Clerk
Harris County, Texas
[illegible] Houston, Texas [illegible]
P.O. Box 4651, Houston, Texas [illegible]

[illegible]

[illegible]

[illegible] Judicial Court of Harris County, Texas [illegible]

[illegible] laws of the State of Texas.

IN WITNESS WHEREOF, I have hereunto set my hand and affixed the seal of said Court [illegible] this ______ day of ______________, 20___.

LOREN JACKSON, DISTRICT CLERK
HARRIS COUNTY, TEXAS

By ______________________________
[illegible]
HARRIS COUNTY, TEXAS

[illegible]

RETURN

Came to hand on the ______ day of ______________, ______ at ______ o'clock ___.M., and executed in ______________ County, Texas by delivering to each of the within named defendants, in person, a true copy of this citation at the following time and places, to-wit:

NAME

DATE SERVED (MONTH, DAY, YEAR)

PLACE OF SERVICE

Not executed as to the defendant, the diligence used in finding said defendant being ______________________________________________

______________________________________________

FEES: $________

______________________________

__________ of ______________ County, Texas

By: ______________________________
Deputy

______________________________
[illegible]

SWORN TO AND SUBSCRIBED BEFORE ME, the undersigned authority, this ______ day of ______________, ______

______________________________
Notary Public

CAUSE # 2010-29275

| ANDREW CLARK | § | IN THE DISTRICT COURT |
|---|---|---|
| | § | |
| VS. | § | 55TH JUDICIAL DISTRICT |
| | § | |
| COLDWATER MACHINE CO. | § | HARRIS COUNTY, TEXAS |

# NOTICE OF REMOVAL TO FEDERAL COURT

NOW COMES the Defendant, Coldwater Machine Company, LLC, giving notice to this Court and to the Plaintiff, Andrew Clark, that on the date signed below the Notice of Removal attached to this notice as Exhibit A was filed with United States District Court for the Southern District of Texas, Houston Division, pursuant to 28 U.S.C. §1441.

WHEREFORE, this Court should take no further action in this matter.

CERTIFICATE OF SERVICE

Defense counsel certifies that the foregoing was sent by fax to Vuk S. Vujasinovic of Vujasinovic & Beckcom, PLLC, to number 713.224.7801 on July 15, 2010.

MATTINGLY LAW FIRM

By: Edward A. Mattingly
TBN 13228500
8554 Katy Freeway, Suite 327
Houston, Texas 77024
713.467.4400 – Voice; 713.467.4455 – Fax
ATTORNEYS FOR DEFENDANT COLDWATER MACHINE CO., LLC

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| ANDREW CLARK | § | |
| | § | |
| vs. | § | CIVIL ACTION |
| | § | NO. H-________ |
| COLDWATER MACHINE | § | |
| COMPANY, LLC | § | |

# INDEX OF MATTERS FILED

1) Notice of Removal to Federal Court;
2) Plaintiff's Original Petition and Jury Demand;
3) Citation served on CMC
4) CMC's Original Answer;
5) Notice of Removal as sent to state court; and
6) List of all parties and counsel of record.

CERTIFICATE OF SERVICE

Defense counsel certifies that the foregoing was sent by fax to Vuk S. Vujasinovic of Vujasinovic & Beckcom, PLLC, to number 713.224.7801 on July 15, 2010.

MATTINGLY LAW FIRM

By: Edward A. Mattingly
TBN 13228500
8588 Katy Freeway, Suite 320
Houston, Texas 77024
713.467.4400 – Voice; 713.467.4455 – Fax
ed@mattinglylawfirm.com
ATTORNEYS FOR DEFENDANT COLDWATER MACHINE CO., LLC

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| ANDREW CLARK | § | |
| | § | |
| vs. | § | CIVIL ACTION |
| | § | NO. H-_______ |
| COLDWATER MACHINE COMPANY, LLC | § | |
| | § | |

# LIST OF PARTIES AND COUNSEL OF RECORD

PLAINTIFF: Andrew Clark

PLAINTIFF ATTORNEY:
Vuk S. Vujasinovic
Vujasinovic & Beckcom, PLLC
1001 Texas Avenue, Suite 1020
Houston, Texas 77001
713.224.7800 – Voice; 713.224.7801 – Fax
TBN 00794800

DEFENDANT: Coldwater Machine Company, LLC

DEFENDANT ATTORNEY:
Edward A. Mattingly
Mattingly Law Firm
8554 Katy Freeway, Suite 327
Houston, Texas 77024
713.467.4400 – Voice; 713.467.4455 – Fax
TBN 13228500

CERTIFICATE OF SERVICE

Defense counsel certifies that the foregoing was sent by fax to Vuk S. Vujasinovic of Vujasinovic & Beckcom, PLLC, to number 713.224.7801 on July 15, 2010.

MATTINGLY LAW FIRM

By: Edward A. Mattingly
TBN 13228500
8554 Katy Freeway, Suite 327
Houston, Texas 77024
713.467.4400 – Voice; 713.467.4455 – Fax
ed@mattinglylawfirm.com
ATTORNEYS FOR DEFENDANT COLDWATER MACHINE CO., LLC