| 2010-29275 / Court: 055 |
|---|

CAUSE NO. _____

Filed 10 May 10 P1:34
Loren Jackson - District Clerk
Harris County
ED101J015777335
By: Furshilla Brantley

| | | |
|---|---|---|
| ANDREW CLARK | § | IN THE DISTRICT COURT OF |
| | § | |
| VS. | § | HARRIS COUNTY, TEXAS |
| | § | |
| COLDWATER MACHINE COMPANY, LLC | § | _____ JUDICIAL DISTRICT |

## PLAINTIFF'S ORIGINAL PETITION AND JURY DEMAND

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW, Andrew Clark, Plaintiff herein, and files his Original Petition complaining of Coldwater Machine Company, LLC, hereinafter called Defendant, and for cause of action would show unto the Court the following:

I.

Plaintiff intends to conduct discovery under Level 3 of Texas Rules of Civil Procedure 190.1.

II.

Plaintiff is a resident of Harris County, Texas.

Defendant, Coldwater Machine Company, LLC, is an entity engaged in business in the State of Texas and may be served by serving its registered agent, Michael A. priest, 200 West Nationwide Blvd., Columbus, Ohio 43215.

III.

Venue is proper and maintainable in Harris County, Texas, since all or a substantial part of the events or omissions giving rise to the claim occurred in said county.

The Court has jurisdiction in this matter since Plaintiff's damages are within its jurisdictional limits.

IV.

On or about January 7, 2010, Andrew Clark was injured at his place of employment, GE Energy Business, when new equipment manufactured by Defendant hit Plaintiff in the face. Employees of Defendant, Coldwater Machine, were present during the installation of their equipment at the site and were negligent in advising Plaintiff on the proper use of the equipment, which was a proximate cause of the occurrence.

V.

Defendant, Coldwater Machine Company, designed, manufactured and marketed the equipment which was being installed to Plaintiff's employer. Defendant, Coldwater Machine Company, owed a duty to Plaintiff to properly design, test, manufacture, assemble, label, advertise and market the equipment made the basis of this suit. Defendant, Coldwater Machine Company, negligently designed the equipment in a manner to render it unreasonable dangerous. Despite the availability of safer alternative designs Defendant, Coldwater Machine Company, persisted in producing defectively designed equipment. Defendant's failure to implement a safer design was a proximate cause of the resulting damages of the Plaintiff.

Defendant negligently placed the equipment on the market without adequate warnings about the dangers of the product. Defendant's negligent failure to warn was a proximate cause of the accident and the resulting damages in question.

VI.

The equipment being installed at the time of the subject incident had been purchased by Plaintiff's employer, GE Energy Business, from Coldwater Machine. Plaintiff would show that Coldwater Machine regularly sells, leases, and services the equipment it manufactures. Plaintiff would show that the equipment in question was designed, manufactured, marketed and placed into the stream of commerce by Defendant, Coldwater Machine Company, in a defective condition and was substantially unchanged from the time it was placed in the stream of commerce.

Plaintiff would show that the equipment was unreasonably dangerous as that term is understood under Texas law. Coldwater Machine Company's defective design and marketing of the equipment rendered it unreasonably dangerous for its intended and foreseeable use which was a producing cause of the injuries sustained by Mr. Clark.

VII.

Defendant, Coldwater Machine Company, defectively marketed the failed equipment. Defendant failed to give adequate warnings of the equipment's dangers. This failure to warn and/or give adequate instructions rendered the air compressor unreasonably dangerous as marketed by Coldwater Machine Company. The marketing defects were the producing and proximate cause of the injuries sustained by Plaintiff and Plaintiff's damages.

VIII.

Nothing Mr. Clark did, or failed to do, caused the occurrence in question. To the contrary, the occurrence in question was proximately caused by the gross negligence and gross negligence *per se*, as those terms are understood in law, of Defendant.

IX.

Defendant was grossly negligent and acted with malice, as that term is understood under Texas law, and such conduct was a proximate cause of Mr. Clark's injuries. Defendant's malicious and grossly negligent conduct justifies the imposition of punitive and exemplary damages both as punishment to Defendant for its callous disregard for the safety of individuals such as Mr. Clark and as a deterrent to others from engaging in similar conduct. Mr. Clark therefore asks for punitive and exemplary damages in addition to all actual damages.

X.

Defendant was also negligent in the installation of its equipment because it knew or should have known that the employees entrusted with the installation of such equipment were reckless, incompetent, and/or unlicensed to install said equipment. Such entrustment

constitutes negligence which was a proximate cause of Plaintiff's injuries and damages. Plaintiff therefore brings this action under general negligence and under negligent entrustment theories.

XI.

Defendant, Coldwater Machine, was also negligent in failing to properly train, instruct and supervise its employees in the proper installation of the equipment. Defendant failed to provide the proper training and instruction to its employees which would have provided them with the proper skills and knowledge to avoid the incident which forms the basis of this lawsuit. Defendant's failure to properly instruct and train its employees in the proper installation of the equipment was a proximate cause of the accident and Plaintiff's resulting injuries and damages.

XII.

Each and all of the above acts and/or omissions were negligence and/or negligence *per se*, and each and all were a proximate cause of the collision made the basis of this suit and the injuries and damages suffered by the Plaintiff herein.

XII.

Mr. Clark pleads the foregoing facts and theories cumulatively and alternatively, with no election or waiver of rights or remedies.

XIV.

By virtue of the actions and conduct of the Defendant set forth above, Mr. Clark was seriously injured. By reason of those injuries and the damages flowing in law therefrom, this suit is maintained. Because of the nature and severity of the injuries sustained, Mr. Clark has suffered physical pain and mental anguish and, in reasonable probability, will continue to suffer physical pain and mental anguish in the future. Mr. Clark has suffered and will continue to suffer disfigurement, physical impairment, limitation of activities and loss of enjoyment of life. Because of the action and conduct of the Defendants, Mr. Clark has sustained very painful and disabling physical injuries which have caused him to sustain lost wages in the past and will cause him to sustain lost wages and a loss of wage earning capacity in the future. Because of

the nature and severity of the injuries sustained, Mr. Clark has required medical treatment in the past and, in reasonable probability, will require other and additional treatment in the future. Charges for such medical treatment that have been made in the past and those which will in reasonable probability be made in the future have been and will be reasonable charges made necessary by the occurrence in question.

XV.

Plaintiff demands a trial by jury.

XVI.

WHEREFORE, PREMISES CONSIDERED, Plaintiff, Andrew Clark, prays that Defendant, Coldwater Machine Company, LLC, be cited to appear and answer herein and that upon the trial hereon, Mr. Clark have judgment against Defendant for his damages as aforesaid, for prejudgment interest, for interest on the judgment, for costs of court and for such other and further relief, special and general, at law or in equity, to which Mr. Clark may show himself justly entitled to receive.

Respectfully submitted,

VUJASINOVIC & BECKCOM, PLLC

/s/ Vuk S. Vujasinovic

VUK S. VUJASINOVIC
SBN: 00794800
1001 Texas Avenue, Suite 1020
Houston, Texas 77002
713.224.7800
713.224.7801 Fax
ATTORNEYS FOR PLAINTIFF





I, Loren Jackson, District Clerk of Harris
County, Texas certify that this is a true and
correct copy of the original record filed and or
recorded in my office, electronically or hard
copy, as it appears on this date
Witness my official hand and seal of office
this May 10, 2010

Certified Document Number:  45268760 Total Pages: 5

LOREN JACKSON, DISTRICT CLERK
HARRIS COUNTY, TEXAS

In accordance with Texas Government Code 406.013 electronically transmitted authenticated documents are valid. If there is a question regarding the validity of this document and or seal please e-mail support@hcdistrictclerk.com

CAUSE NO. 201028175

RECEIPT NO. 402360          0.00        MTR
              05-10-2010              TR # 72533143

PLAINTIFF: CLARK, ANDREW                    In The   55th
   vs.                                      Judicial District Court
DEFENDANT: COLDWATER MACHINE COMPANY LLC    of Harris County, Texas
                                            55TH DISTRICT COURT
                                            Houston, TX

CITATION (PORIG)

THE STATE OF TEXAS
County of Harris

TO: COLDWATER MACHINE LLC BY SERVING ITS REGISTERED AGENT MICHAEL A PRIEST
    308 WEST NATIONWIDE BLVD   COLUMBUS OH 43215

Attached is a copy of PLAINTIFF'S ORIGINAL PETITION REQUEST FOR DISCLOSURE REQUEST FOR ADMISSIONS REQUEST FOR PRODUCTION AND INTERROGATORIES

This instrument was filed on the 10th day of May, 2010, in the above cited cause number and court. The instrument attached describes the claim against you.

YOU HAVE BEEN SUED. You may employ an attorney. If you or your attorney do not file a written answer with the District Clerk who issued this citation by 10:00 a.m. on the Monday next following the expiration of 20 days after you were served this citation and petition, a default judgment may be taken against you.

TO OFFICER SERVING:
    This citation was issued on 11th day of May, 2010, under my hand and seal of said Court.

Issued at request of:                       LOREN JACKSON, District Clerk
CLARKSON, T., VON                           Harris County, Texas
100, TEXAS                                  201 Caroline    Houston, Texas 77002
HOUSTON, TX 77002                           (P.O. Box 4651, Houston, Texas 77210)
No.: 1713/ 224 107
Bar No.: 790800                             GENERATED BY: BRANTLEY, FURSHILLA   HLE/CLE/6703516

CERTIFICATION

TO THE SHERIFF OF _____ , _____ COUNTY, OHIO

    The _____ Judicial Court of Harris County, Texas has authority to issue the legal documents for service upon residents and corporations in the State of Ohio.

    The issued legal documents for residents and corporations in the State of Ohio do conform with the laws of the State of Texas.

    IN WITNESS WHEREOF, I have hereunto set my hand and affixed the seal of my office, at Houston, Texas, on this _____ day of _____ , A.D. _____ .

                    LOREN JACKSON, DISTRICT CLERK
                    HARRIS COUNTY, T E X A S

                    BY _____
                    DEPUTY DISTRICT CLERK
                    HARRIS COUNTY, TEXAS

RETURN

Came to hand on the _____ day of _____, _____ at _____ o'clock ___ .M., and executed in _____ County, Texas, by delivering to each of the within named Defendants, in person a true copy of this citation at the following time and places, to wit:

NAME:

DATE SERVED - (MONTH, DAY, YEAR):

PLACE OF SERVICE:

And not executed as to the Defendant, the diligence used in finding said Defendant being _____

FEE: $_____

_____ of _____ County, Texas

By: _____
       Deputy

_____
Authorized Person

SWORN TO AND SUBSCRIBED BEFORE ME, the undersigned Notary Public on _____ day of _____, _____.

_____
Notary Public